IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANIEL LESTER,
   Plaintiff,

v.

UNITED STATES OF AMERICA, and
ESURANCE PROPERTY & CASUALTY
INSURANCE COMPANY,
   Defendants.

Civil Action No.
1:22-cv-02704-SDG

**OPINION AND ORDER**

This case is before the Court on Defendant United States of America's motion for summary judgment [ECF 58]. After careful consideration, the Court **DENIES IN PART AND GRANTS IN PART** the motion [ECF 58]. Lester's claims for punitive damages and attorney's fees (Counts IV and V) against the United States are **DISMISSED**; the remaining claims shall proceed to trial.

**I.   Background**[1]

This case stems from what can fairly be described as a minor car collision. United States Postal Service employee Mecca Lashawn Benton was operating her

---

[1] The Court recites the facts from the Government's unopposed Statement of Undisputed Material Facts. ECF 59. Each of the Government's facts is supported by a citation to record evidence or evidence of which the Court may take judicial notice. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (holding that, "after deeming the movant's statement of undisputed facts to be admitted pursuant to Local Rule 56.1, the district court must then review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact") (internal quotation marks omitted) (citation omitted).

1

USPS-owned vehicle while delivering mail on February 4, 2021.[2] Benton was in her vehicle and stopped directly behind Lester's vehicle at a red light.[3] After the light turned green but while Benton was still stopped, a car approached from behind and honked its horn before hitting Benton's vehicle from behind.[4] Due to the impact, Benton's vehicle was pushed into the back of Lester's car.[5] During her deposition, Benton could not remember how far behind Lester's vehicle she had stopped.[6] Benton also testified that there was no damage to the rear of her own vehicle.[7] An officer was called to the scene and investigated the accident, but did not issue a citation.[8]

---

The Court has reviewed the record and concludes that the facts on which this Order relies are properly supported by the Government's citations. Accordingly, the Court deems the facts in the Government's Statement admitted. *See* LR 56.1(B)(2)(a)(2), NDGa.

[2] ECF 59, ¶ 1.
[3] *Id.* ¶ 3.
[4] *Id.* ¶ 4.
[5] *Id.* ¶¶ 6–12.
[6] ECF 59-1, at 26, 31.
[7] *Id.* at 22, 23, 29.
[8] ECF 59, ¶ 11.

Lester filed suit against various Defendants on July 8, 2022.[9] Pursuant to the Federal Tort Claims Act,[10] he brought claims of negligence and negligent entrustment against the United States, seeking punitive damages, attorney's fees, and costs.[11] After discovery, the United States filed the instant motion for summary judgment, seeking dismissal of this case with prejudice.[12] Lester did not respond. Instead, two-and-a-half months later, he filed a motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).[13] Then, over five months after that, and before the Court ruled on any of the motions, Lester withdrew his Rule 41 motion.[14] He moved for an extension of time to respond to the motion for summary judgment more than eight months late, which this Court denied.[15]

---

[9] ECF 1.

[10] The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the federal government liable to the same extent as a private party for certain torts by federal employees acting within the scope of their employment.

[11] ECF 12.

[12] ECF 58.

[13] ECF 60.

[14] ECF 69.

[15] ECF 71.

**II.     Legal Standard**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, the party opposing summary judgment must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324. Summary judgment for the moving party is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

As noted, Lester did not timely oppose or otherwise respond to the Government's motion. Even when a motion for summary judgment is unopposed, however, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of

the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 7th Ave.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004). In particular, the court must "review all of the evidentiary materials submitted in support of the motion for summary judgment," and "determine if there is, indeed, no genuine issue of material fact." *Id.* at 1101–02, 1103 n.6.

## III.   Analysis

Summary judgment in the Government's favor is not appropriate here since a reasonable jury could find that Benton was negligent.

### A.   Negligence

Under Georgia negligence law,[16] a plaintiff must demonstrate "(1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage to plaintiff's legally protected interest resulting from the breach." *Ireland v. Williams*, 351 Ga. App. 124, 127 (2019) (quoting *Hunsucker v. Belford*, 304 Ga. App. 200, 201 (2010)). Drivers must exercise ordinary due care when driving. *Rios v. Norsworthy*, 266 Ga. App. 469, 470 (2004) (citations omitted).

---

[16]   When analyzing a FTCA claim, courts apply the law of the state in which the alleged tort was committed. There is no dispute that the events giving rise to this case occurred in the State of Georgia.

There are questions of fact that render summary judgment in the Government's favor inappropriate. Specifically, there are inconsistencies in Benton's deposition testimony with respect to the accident. Benton claims she was sitting in her vehicle when another vehicle hit her from behind with so much force that "the mail started flying everywhere."[17] The impact pushed her vehicle into Lester's. Surprisingly, there was no damage to Benton's vehicle.[18] This is significant because the lack of damage may speak to the force with which Benton was hit from behind. This, in turn, can inform whether she was stopped too closely behind Lester's vehicle, such that the impact caused her vehicle to hit Lester's. Benton states multiple times that she does not remember how far behind Lester she was stopped.[19] Since there was no damage to Benton's vehicle, it is difficult to imagine how her vehicle was hit with sufficient force to push it into Lester's vehicle and make the mail fly around if she was stopped an appropriate distance behind him with her foot on the brake, as she claims.[20] Determining whether these seemingly contradictory statements are in fact compatible depends on Benton's credibility as a witness.

---

[17] ECF 59-1, at 22.

[18] ECF 59, ¶ 19; ECF 59-1, at 29–30.

[19] *See e.g., id.* at 31.

[20] *Id.*

This concern was highlighted a couple of times during Benton's deposition. For example, at one point, Lester's counsel clarified with Benton that she was hit from behind, but that there was no damage to her vehicle, which Benton confirmed. Counsel then clarified that "he hit you [so] hard that he pushed your car to my client's car, correct?"[21] Benton confirmed that statement, and counsel responded "but your testimony is that they didn't find any damage, correct?"[22] Benton confirmed, "no damage."[23] Shortly thereafter, counsel for the Government asked if it was "accurate to say that the impact from the hit-and-run driver to [Benton's] vehicle was minimal?" Benton agreed. Lester's counsel then asked if Benton remembered exactly how the hit-and-run driver's vehicle pushed her vehicle. She did not recall, but stated "it was minimum, though." Lester's counsel then asked whether Benton's foot was on the brake—she said it was—and whether she remembered how far she was from Lester's vehicle—she did not.

These colloquies highlight questions of material fact that exist concerning how a vehicle with its brakes engaged and stopped a reasonable distance behind another vehicle (i.e., with its driver exercising due care while driving), could be impacted from behind with enough force to push it forward and hit another

---

[21] *Id*. at 30.

[22] *Id*.

[23] *Id*.

vehicle, while simultaneously leaving no damage at the place of impact. The evidence in the record could lead a reasonable jury to find that Benton breached her duty of care by stopping too closely behind Lester or prematurely removing her foot from the brake and that her breach caused the alleged damage in this case.[24]

### B. Negligent entrustment and vicarious liability

The Government also asks that this Court grant its motion for summary judgment on the negligent entrustment and vicarious liability claims because they arise from the negligence claim, which it argues must be dismissed. It makes no other argument as to why these claims should be dismissed. Because the Court disagrees with the Government's underlying negligence argument, it necessarily rejects the argument that the negligent entrustment and vicarious liability claims must be dismissed.

### C. Lester cannot recover punitive damages or attorney's fees under the FTCA.

Lester seeks both punitive damages and attorney's fees against the United States, but neither are available under the FTCA. 28 U.S.C. § 2674 ("The United States . . . shall not be liable … for punitive damages."); *see also Joe v. United States*,

---

[24] Lester provided no evidence that he was personally injured. Benton testified multiple times that Lester confirmed after the accident that he was not injured. There is, however, evidence of property damage to Lester's vehicle. ECF 59-2, at 4–6.

772 F.2d 1535, 1536-37 (11th Cir. 1985) ("The FTCA does not expressly provide for attorneys' fees against the United States. . . . The FTCA does not contain the express waiver of sovereign immunity necessary to permit a court to award attorneys' fees against the United States directly under the act."). Lester cannot recover either form of damages against the Government; his claims seeking as much are dismissed.

**IV.   Conclusion**

The United States' motion for summary judgment [ECF 58] is **DENIED IN PART AND GRANTED IN PART**. Lester's claims for punitive damages and attorney's fees (Counts IV and V) against the United States are **DISMISSED**. Lester's remaining claims shall proceed to trial. The parties, including Defendant Esurance Property & Casualty Insurance Company, are hereby **DIRECTED** to file their Proposed Consolidated Pretrial Order on or before **October 30, 2024**. By that same date, each party is **ADVISED** to file a Notice of Leave of Absence on the docket, identifying conflict dates through June 2025. Trial may be scheduled thereafter without further notice.

**SO ORDERED** this 30th day of September, 2024.

Steven D. Grimberg
United States District Judge

9